jw/ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARY ANNE SAUSE, and KNS, a minor,  )<br>)<br>)<br>Petitioners,  )<br>)<br>v.  )<br>)<br>KAW VALLEY CENTER; and KANSAS  )<br>DEPARTMENT OF SOCIAL AND  )<br>REHABILITATION SERVICES,  )<br>)<br>)<br>Respondents.  )<br>_____)  | Case No. 06-4102-JAR |

## MEMORANDUM AND ORDER OF DISMISSAL

On September 8, 2006, non-prisoner petitioners Mary Anne Sause and minor KNS filed a habeas corpus petition under 28 U.S.C. § 2254.[1] Petitioners assert that a court-ordered foster parent arrangement has rendered KNS in state custody in violation of federal law. Because petitioners did not allege federal jurisdiction in their petition and because the petition was filed without the requisite filing fee, the Court ordered petitioners to show cause why their case should not be dismissed without prejudice. Petitioners filed a response on January 22, 2007.[2] The Court has reviewed petitioners' response and determines that the case should be dismissed without prejudice for lack of subject matter jurisdiction and for failure to pay the appropriate filing fee.[3]

---

[1](Doc. 1.)

[2](Doc. 5.)

[3]28 U.S.C. § 1914 states that the filing fee for a civil suit in federal district court is $350. § 1914 lists the filing fee for a federal habeas corpus claim as $5. As described in this Memorandum and Order, petitioners have failed to state a claim upon which federal habeas relief can be granted. Thus, the appropriate filing fee is $350, not

Petitioners are proceeding *pro se*. Pleadings prepared *pro se* are construed liberally and held to a lower standard than pleadings drafted by attorneys.[4] However, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[5] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[6]

Petitioners allege they are being treated unfairly in state judicial proceedings commenced pursuant to the Kansas Code for Care of Children.[7] Specifically, petitioners claim the state court's case file reflects inaccuracies regarding Ms. Sause's parenting history.[8] As a result, petitioners assert that the state-imposed foster care arrangement at issue in the state court proceedings renders KNS "in custody" for purposes of 28 U.S.C. § 2254; thus, the case arises under federal law.

There are two statutory bases for federal subject matter jurisdiction. First, under 28 U.S.C. § 1332, federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in

---

the $5 habeas fee that petitioners' sent with their Response. Plaintiffs who are unable to pay the filing fee may proceed in forma pauperis under 28 U.S.C. § 1915. To proceed in forma pauperis, a plaintiff must submit an affidavit describing the plaintiff's financial situation to the court. See 28 U.S.C. § 1915(a)(1). Ms. Sause has failed to provide such an affidavit pursuant to § 1915.

[4]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[5]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[6]*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[7]K.S.A. §§ 38-1501–1593.

[8](Doc. 6). K.S.A. § 38-1506 specifies which parties may access case files in a child in need of care proceeding. The statute distinguishes between the "official file" and the "social file." The official file is comprised of original petitions, court documents, and other related filings. Access to the official file is not restricted. The social file consists of examination results and other personal information regarding the child and family. Parents are not granted access to the social file so that the child can speak candidly without fear that their revelations will be shared with their parents. *See* KAN. BAR ASS'N, PRACTIONER'S GUIDE TO KAN. FAMILY LAW ch. 16 § VII (2004).

controversy exist. Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction. In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[9]

The Tenth Circuit has commented on the limited jurisdiction of the federal courts and summarized the duties of the district court in considering whether it has jurisdiction to consider a case:

> The Federal Rules of Civil Procedures [sic] direct that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.". . . Moreover, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." . . . Nor may lack of jurisdiction be waived or jurisdiction be conferred by "consent, inaction or stipulation." Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.[10]

Petitioner is responsible for showing the Court by a preponderance of the evidence that jurisdiction is proper.[11] Mere allegations of jurisdiction are not enough.[12] The existence of jurisdiction in this case turns on whether petitioners' claim arises under federal law; namely, the federal habeas corpus statute. A claim arises under federal law if either the federal law creates

---

[9]28 U.S.C. § 1367.

[10]*Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations and quotations omitted).

[11]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[12]*Id.* at 798.

the cause of action or the claim is created by state law but embodies a substantial federal question.[13]

28 U.S.C. § 2254 offers relief to a person "in custody" by a judgment of a state court provided the custody violates the Constitution, laws, or treaties of the United States.[14]  The "in custody" language has been interpreted to mean "substantial restraints not shared by the public generally."[15]  The Supreme Court has ruled that a foster child involuntarily held in the custody of foster parents is not within the meaning of "in custody" for the purposes this statute, which governs petitions for a writ of habeas corpus.[16]  Thus, petitioners have failed to allege the existence of facts entitling them to federal habeas corpus relief.  Consequently, the action is dismissed without prejudice for lack of subject matter jurisdiction.  Moreover, the case is properly dismissed for failure to pay the appropriate filing fee.

**IT IS THEREFORE ORDERED BY THE COURT** that this action be **dismissed** without prejudice.

**IT IS SO ORDERED**.

Dated this 3rd day of April 2007.

                                              S/ Julie A. Robinson
                                              Julie A. Robinson
                                              United States District Judge

---

[13] *Sac & Fox Nation v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir. 1999).

[14] 28 U.S.C. § 2254(a).

[15] *Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 510 (1982).

[16] *Id.* at 514–16.